# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Kevin Fullre,

    Plaintiff

v.

State of Nevada, et al.,

    Defendants

2:17-cv-02889-JAD-NJK

**Order Dismissing Case**

[ECF No. 1]

    Pro se petitioner Kevin Fullre filed an application to proceed *in forma pauperis*, but he failed to file an accompanying complaint.[1] Magistrate Judge Koppe ordered Mr. Fullre to file a complaint by December 21, 2017, and warned him that failure to do so may result in his case getting dismissed.[2] That deadline has passed and Fullre has still not filed a complaint.

    District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate, . . . dismissal" of a case.[3] A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[4] In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several facts: (1) the public's interest in expeditious resolution of litigation;

---

[1] *See generally* docket report case no. 2:17-cv-02889-JAD-NJK.

[2] ECF No. 3.

[3] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[4] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

(2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[5]

I find that the first two factors weigh in favor of dismissal. The risk-of-prejudice factor also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[6] A court's warning to a party that failing to obey the court's order will result in dismissal satisfies the consideration-of-alternatives requirement,[7] and Fullre was expressly warned that dismissal could result if he failed to file a complaint by December 21, 2017. Although the fourth factor weighs against dismissal, it is greatly outweighed by those favoring dismissal.

Accordingly, IT IS HEREBY ORDERED that this **action is DISMISSED** without prejudice to Fullre's ability to file a complaint in a new, separate case.

IT IS FURTHER ORDERED that Fullre's application to proceed *in forma pauperis* **[ECF No. 1]** is **DENIED as moot**.

DATED: January 2, 2018.

_____
U.S. District Judge Jennifer A. Dorsey

---

[5] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[6] *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.